IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**TIMOTHY BAYLISS,**

                **Petitioner,**

       v.                                    CASE NO. 09-3129-RDR

**JAMES W. GRAY,**

                **Respondent.**

**O R D E R**

This matter is before the court on a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241 filed while petitioner was incarcerated in the United States Disciplinary Barracks in Leavenworth, Kansas. Having examined the materials filed in this case, the court enters the following order.

**BACKGROUND**

Contrary to his pleas, petitioner was convicted in 2000 in a general court-martial on charges of attempted murder and carrying a concealed weapon.

In March 2009, the Army Clemency and Parole Board (ACPB) directed petitioner's placement on mandatory supervised release (MSR) from confinement upon petitioner reaching his minimum release date, with MSR to continue through petitioner's maximum release date. Prior to his release from confinement in August 2009, petitioner filed the instant petition alleging constitutional error in his MSR placement.

**DISCUSSION**

Petitioner advances several grounds for challenging the decision placing him on MSR, claiming his placement on MSR: (1) is illegal because the ACPB was not statutorily authorized to impose involuntary conditions of release; (2) impairs his protected interest in good conduct time and abatement days without due process; (3) illegally modifies his sentence by increasing his punishment in violation of the due process and clearly established federal law; (4) violates the Fifth Amendment by imposing conditions of release not announced as part of his sentence and because ACPB procedures violate due process standards; and (5) renders guilty plea improvident because neither the prosecution nor military judge advised him that a period of MSR was part of the his sentence.

Petitioner's claims are nearly identical to claims considered and rejected by this court in <u>Huschak v. Gray</u>, __ F.Supp.2d __, 2009 WL 2413981 (D.Kan., August 6, 2009).[1] In that matter, the court rejected a military prisoner's challenge to his placement on MSR by the Air Force Clemency and Parole Board and discussed in detail each of the claims now advanced by petitioner. Having examined the record in the present case, the court concludes its rulings in <u>Huschak</u> apply with equal force to the present action. Accordingly, petitioner's request for habeas corpus relief is

---

[1] A copy of that decision is attached.

denied.

Petitioner also filed a motion for a preliminary injunction and temporary restraining order preventing his placement on MSR.

Such provisional injunctive relief may be granted if the moving party establishes (1) a substantial likelihood of success on the merits; (2) irreparable harm will be suffered if the injunction is denied; (3) the threatened harm outweighs any injury to the opposing party; and (4) the injunction sought is not adverse to the public interest. <u>Beltronics USA, Inc. v. Midwest Inventory Distribution, LLC</u>, 562 F.3d 1067, 1070 (10th Cir. 2009). Because this court has determined that petitioner cannot prevail on the merits, his motion is denied.

IT IS THEREFORE ORDERED that the petition for a writ of habeas corpus is dismissed and all relief is denied.

IT IS FURTHER ORDERED that petitioner's motion for a preliminary injunction and temporary restraining order (Doc. 2) is denied.

**IT IS SO ORDERED.**

DATED: This 28th day of October 2009, at Topeka, Kansas.

                                                 s/ Richard D. Rogers
                                                 RICHARD D. ROGERS
                                                 United States District Judge